McKinney, J.
delivered the opinion of the court.
This is an action of debt, brought on the 30th day of April, 1847, in the Commercial and Criminal Court of Memphis, by the defendant in error against the plaintiff in error, to recover the price of a quantity of lumber^ alleged to have been furnished by the former upon a contract with the agent of the latter.
It appears that on the 10th day of March, 1845, one Fowler undertook to furnish the materials and erect certain buildings for the plaintiff in error (who was a non-resident) in South Memphis.
Fowler applied to the defendant in error to purchase lumber from him for said buildings, but the latter refused to credit him. One Kopman, the agent of the plaintiff in error, thereupon interposed, and directed the lumber to be delivered to Fowler, and agreed to be personally accountable for the payment of the price thereof. He stated, that as agent of Ahrens, he had already received part of the money to pay for the lumber and would receive more. Upon his credit and responsibility, lumber to the value of about four hundred and eighty-four dollars, was *644 delivered to Fowler in April, 1845. Shortly after the delivery thereof, Keel, the agent of Cobb, called upon Kopman for payment, but he replied, that he had paid Fowler for said lumber; Keel then told him, “ that he knew Cobb looked to him for payment of the lumber, and if he had paid Fowler, he must pay Cobb, as his contract was made with him for the lumber. He said he would not pay again, as he had paid Fowler.” It further appears that Kopman was personally charged with the price . of the lumber: and on the 23d day of May, 1845, Cobb brought suit against him for the same, in the Commercial and Criminal Court of Memphis, and recovered judgment, at the November term, 1846, for five hundred and twenty-nine dollars and ninety-six cents, which judgment remains wholly unsatisfied — Kopman having become insolvent, and removed from the country, before judgment was obtained against him. Fowler also absconded before the buildings were completed, and the plaintiff in error employed other persons to finish the work. The lumber above-mentioned was used in said buildings, of which the plaintiff in error took and retains the possession. Upon the foregoing facts, the jury found a verdict for the plaintiff below for the value of the lumber with interest thereon; and the court, having refused to grant a new trial, rendered judgment upon the verdict, to reverse which an appeal in error has been prosecuted to this court.
The question is, can the verdict and judgment be maintained upon tke proof? We think not. It is certainly true, that in some cases of contracts and engagements, made through the intervention of an agent, both the principal and agent may be liable to the party with whom the contract is made ; as, for instance, where the agent is acting for a known principal, and the party dealing with him as *645 such agent, elects to give credit to him personally, and not. to the principal, he is bound by such election; The well settled doctrine is, that whenever exclusive credit is given to an agent in any transaction for a known principal, there, the party must'abide by his election; and he cannot afterwards hold the principal liable therefor. Story on Agency, sec. 289. The inquiry is, to whom was the credit knowingly given, according to the understanding of both parties. This inquiry is sometimes matter of fact, as where the contract is verbal, and sometimes matter of law where it depends, upon the true construction of the terms of a written instrument. The law is, that he to whom credit is knowingly and exclusively given, is the proper person who incurs liability, whether he be principal or agent. Ib., sec. 288; 10 Bing. Rep., 283; 9 Barn. and Cress., 78, 90; 4 Taunt., 574; 15 East., 62. It was said byLordTen-terden, in the case of Thompson vs. Davenport, 9 Barn. and Cress., 84, that if a party dealing with an agent, knows who the principal really is, and notwithstanding such knowledge chooses to make the agent his debtor, he cannot afterwards, on the failure of the agent, turn round and charge the principal, having once made his election, when he had the power of choosing between the one and the other. From these principles, it necessarily follows, that this action cannot be maintained. The proof introduced in the court below, to support the right of recovery, clearly shows that the credit was given exclusively to Kopman, the agent. He was made debtor, with full knowledge of his principal; he alone was looked to and relied upon for payment, at the time of the delivery of the lumber; and was afterwards sued, and a recovery had against him for the same. The fact that nothing was realized upon said judgment, does not affect the question; neither does the *646 fact that the plaintiff in error derived benefit from the lumber; the case rests upon the fixed principle of law, that the party is concluded by his own voluntary election, to treat the agent as principal and sole debtor.
The judgment is erroneous, and will be reversed, and the case be remanded.